## CIRCUMSTANCES RENDERING ANSWER TO LETTER INCOMPETENT AS EVIDENCE.

Circuit Court of Lucas County.

MARY W. TOLERTON, EXECUTRIX OF ESTATE OF E. W. TOLERTON, v. CLEMENTINE B. ROBINSON.

Decided, December 4, 1909.

*Evidence—Action Against Estate of Decedent—Plaintiff Offers in Evidence Answer to Letter Written by Decedent—Answer Held Incompetent.*

It is not competent for a plaintiff, who is disqualified from testifying in the case by reason of the decease of the defendant, to offer in evidence the answer to a letter written by the decedent concerning the subject-matter of the suit, where the original letter is not in court and the answer contains a self-serving declaration and would, if received in evidence, be in effect permitting the plaintiff to testify.

KINKADE, J.; PARKER, J., concurs; WILDMAN, J., dissents.

This is an action below against the estate of E. W. Tolerton to recover a sum of money said to have been retained by Mr. Tolerton belonging to the plaintiff. The plaintiff below recovered a judgment for $674.16, and Mrs. Tolerton, as executrix, is here to reverse that judgment of the court of common pleas.

Numerous errors are assigned, but only two are relied upon in the arguments of counsel, and those are the error of the court arising by reason of having admitted two letters, one Exhibit No. 7 and the other Exhibit No. 10. Exhibit No. 7 is a copy of a letter written by Mrs. Robinson to Mr. Tolerton in his lifetime, and Exhibit No. 10 is a letter written by Mr. Brumback, counsel for Mrs. Robinson, to Mr. Tolerton. Demand was made upon the executrix of the estate to produce the original letter that Mrs. Robinson is said to have written, and they replied that they had no such letter, and on the trial the plaintiff first offered in evidence an answer to that letter, which was a denial of all that was contained in it, and then made the proof that demand had been made for the original letter sent and inability to procure the original, and offered the copy, and the copy was objected to on the ground that it was permitting the plaintiff through her own letter to put into the case a self-serving declaration, and thereby in effect testify in the case, although she was herself disqualified from testifying because the action was against an administrator. It is contended here that because she had a reply to the letter it is competent, and that the form of the reply is of no moment; that the reply shows that Mr. Tolerton got some form of letter from her, and no matter whether he said he admitted the statements in the letter or whether he denied the statements in the letter, that the letter is competent because it is a part and parcel of the correspondence. Mrs. Robinson, as I say, introduced the reply of Mr. Tolerton herself as the basis of making her own letter that she proved by a copy to be competent, and then she put before the jury a full statement of her claims in that case, stating in the letter what Mr. Tolerton said to her and so on, although it is flatly and squarely denied by Mr. Tolerton in his reply.

We think upon a full consideration of the case that it would be a most dangerous rule to adopt that a party might put into the case a letter that he had written where the contents of the letter were clearly denied by the answer, or where he had no answer at all.   If that may be done, it seems to us that it would open up a very dangerous bar through which unscrupulous parties might reach the assets of an estate, to the great detriment of the estate.   It is not intended by anything said here to intimate that Mrs. Robinson is an unscrupulous person, or is seeking to do anything of that kind.   There is nothing in the record that would justify such statement, and we wish it distinctly understood that we are not intimating anything of the kind.   But the rule laid down must be applicable to everybody as well as Mrs. Robinson, and her contention broadly is that if she writes a letter and is able to prove that she wrote a letter of a given tenor, that it was mailed bearing the usual postage, and probably received, that she has the right to prove that letter in a trial against the estate where she herself is incompetent to testify, no matter to what extent it is a self-serving declaration in her behalf; and I think her counsel goes to the length of claiming that she might do this, even though she has no reply. In this case we think she stands no better than she would stand had she no reply, because the reply is a flat denial of the claims made in the letter.

The court below admitted both letters.   Mr. Brumback's letter was one, addressed to Mr. Tolerton, making some claims against him, setting out certain figures of the state of the bank account, etc.   They were both admitted in evidence.   We think that the court erred in admitting each of them.   The majority of the court is of this opinion, and for that reason the judgment of the court of common pleas will be reversed.


WILDMAN, J.

I do not deem it proper to enter into any discussion in the case in which the opinion has just been announced by Judge Kinkade, but I will content myself by saying I do not concur in the judgment of the majority of the court.